UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                          Case No. 17-38344
Elicia T. Williams-Collins                      Honorable LaShonda A. Hunt
            Debtor.                             Chapter 13

**AGREED ORDER RESOLVING THE MOTION TO MODIFY STAY FILED BY ALLY FINANCIAL**

At Chicago, Illinois, before the Honorable LaShonda A. Hunt, Bankruptcy Judge, in the said District and Division.

This matter coming on for hearing upon the motion of Ally Financial, to modify the automatic stay of 11 U.S.C. §362; due notice being served on the parties in interest; the Court having jurisdiction and being fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     The Debtor agrees and acknowledges that there is a default in the amount of $3026.40 (which amount includes attorney fees and costs of $681.00 and arrears of $2,345.40, due from February through May 2019) due to Ally Financial for the 2017 NISSAN MURANO, VIN 5N1AZ2MH0HN121028.

2.     That Ally Financial shall be allowed attorney fees and costs in the amount of $681.00 pursuant to Illinois State law, the retail installment contract dated February 28, 2017, for the 2017 NISSAN MURANO, VIN 5N1AZ2MH0HN121028 and in compliance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure without further notice of hearing. That beginning on June 2019, the Debtor shall make the following payments **to** ALLY FINANCIAL by cashier's check or money order and made payable to ALLY FINANCIAL (which amounts represents the June through November 2019 installment payments on the said vehicle, and six (6) equal monthly payments of $504.40 to cure the remaining default on the account):

   a.  $1,142.30 on or before June 14, 2019

   b.  $1,142.30 on or before July 14, 2019

   c.  $1,142.30 on or before August 14, 2019

   d.  $1,142.30 on or before September 14, 2019

   e.  $1,142.30 on or before October 14, 2019

   f.  $1,142.30 on or before November 14, 2019

3.     That if the Debtor fails to make any payment in the manner set forth in paragraph two (2) herein, or if any payment is returned to Ally Financial for insufficient funds, then the automatic stay shall be immediately

modified as to ALLY FINANCIAL, without further notice or hearing, so as to allow it to enforce its rights

against the collateral in accordance with state law and the applicable Agreement.

4.   That in the event the stay is modified as provided herein, ALLY FINANCIAL be, and hereby is,

granted leave to file an unsecured claim for any deficiency balance remaining after sale and the said claim shall

be deemed timely filed.

5.   That in the event the stay is modified as provided herein, then Federal Rule 4001(a)(3) of the

Federal Rules of Bankruptcy Procedure is non-applicable and thus ALLY FINANCIAL may immediately

enforce and implement this order.

6.   That in the event this case is converted to a chapter 7, closed, or dismissed the parties agree that the

terms of this order become null and void.

ENTER:

DATE: _____

_____
Bankruptcy Judge

_____
James M. Philbrick

James M. Philbrick
Attorney for Ally Financial
Attorney No. 6244743
Law Offices of James M. Philbrick P.C.
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690

_____
Attorney for Debtors
ALEXANDER PREBEX